UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 2: 10-01-DCR |
| V. | ) ) ) | |
| DONALD L. HUBER, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Defendant's *in limine* motion to exclude certain evidence from being offered by the government during trial. [Record No. 28] Having considered the Defendant's motion, the information contained in the notice filed by the United States, and the parties' respective arguments, the Court will deny the relief requested.

**I.**

Defendant Donald Huber is charged with two counts of defrauding investors in a business venture known as "Aquaduck Swim School, LLC" in violation of 18 U.S.C. § 1343.[1] The indictment filed January 14, 2010, charges that, from November 2006 and continuing through

---

[1] To prove a charge of wire fraud under this statutory section, the United States must establish four elements, including an intent to defraud. *See* Sixth Circuit Pattern Jury Instructions (Criminal), 10.02 (2009 ed.), citing *United States v. Frost*, 125 F.3d 346, 371 (6th Cir. 1997); *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007). As the Sixth Circuit has held, to act with an intent to defraud mean to "act knowingly and with the intention or the purpose to deceive or cheat. An intent to defraud is accompanied, ordinarily, by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person." *Frost, supra.*

-1-

December 2008, Huber solicited funds and represented to investors that the funds would be used only for business expenses such as purchasing licenses, attending training courses, leasing space, purchasing equipment, and other start-up expenses. It is alleged that, contrary to Huber's representations to investors, he would deposit the money obtained into personal checking accounts and then use the funds for personal expenses. [Record No. 1]

On June 11, 2010, the United States filed a notice of intent to offer during trial, in addition to the wire transfers alleged in Counts 1 and 2 of the indictment, evidence that: (1) Huber solicited money from several other Aquaduck investors in the same manner; and (2) Huber solicited money from one particular Aquaduck investor ("A.W.G.") for a separate fraudulent investment scheme during the time period alleged in the indictment.[2] The United States seeks to offer this evidence under two alternate theories. First, it contends that the proffered evidence is inextricably intertwined with evidence that is relevant to the crimes charged. Therefore, it falls outside the parameters of Rule 404(b) of the Federal Rules of Evidence. *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). However, if the Court does not find the subject evidence to be inextricably intertwined, the United States asserts that

---

[2] The United States indicates in its 404(b) notice that it anticipates presenting testimony from one Aquaduck investor, A.W.G., that the Defendant solicited additional investment money from her during the time period charged in the indictment. More specifically, it asserts that A.W.G. will testify that the Defendant, while employed as her investment broker at PNC Bank, contacted her in reference to an investment opportunity. The Defendant advised that sometimes businessmen get together and make investments and that they need quick cash. According to the Defendant, 4 to 5 men were involved in this investment strategy. A.W.G. is expected to testify that the Defendant assured her that he knew all of the men involved and that they had done this successfully in the past. The United States indicates that A.W.G. will further testify that the Defendant requested $50,000, was promised 10 percent interest, and was told she would be repaid in full by June 2009. The investor was further advised that the Defendant could not take the $50,000 directly from A.W.G.'s account because it would be a conflict of interest.

it would be nonetheless admissible as probative of the Defendant's intent under Rule 404(b). *United States v. Brown*, 147 F.3d 477, 483 (6th Cir. 1998) (where the government "either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, [has] the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)").

The Defendant has moved *in limine* to exclude the above-described evidence the United States seeks to introduce during trial. According to the Defendant, the prejudicial nature of the evidence outweighs it probative value. He further argues that, contrary to the factual scenarios presented in the cases cited by the government, the "isolated earlier solicitation doesn't suggest that Huber was notified, or knew, that statements to Aquaduck investors were fraudulent." [Record No. 28] He argues that, in the present case, introduction of the proffered evidence would only invite the jury to infer that if he lied to secure a loan before the Acquaducks' investment, he must have also lied to the Acquaduck investors – the classic forbidden inference which is prohibited by Rule 404(b).

## II.

### A.  Background Evidence

Proper background evidence, also known as "res gestae" evidence, has a causal, temporal, or spatial connection with the charged offense and includes evidence that is: (1) a prelude to the charged offense, (2) directly probative of the charged offense, (3) arises from the same events as the charged offense, (4) forms an integral part of the witness's testimony, or (5) completes the story of the charged offense. *United States v. Martinez*, 430 F.3d 317, 335 (6th Cir. 2005) (*citing*

*United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). Background evidence falls outside the parameters of 404(b), so there is no reasonable notice requirement for its admission. *United States v. Joseph*, 270 Fed. App'x 399, 405 (6th Cir. 2008) (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir.2000)).

The Sixth Circuit explained the distinction between acts that are intrinsic to the offense charged – and thus not subject to Rule 404 – and extrinsic "other acts," which are subject to the rule:

> [w]hen the other crimes or wrongs occurred at different times and under different circumstances from the offense charged, the deeds are termed "extrinsic." "Intrinsic" acts, on the other hand, are those that are part of a single criminal episode. Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity. When that circumstance applies, the government has no duty to disclose the other crimes or wrongs evidence.

*United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995).

Background evidence includes "those other acts [that] are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *Joseph*, 270 Fed.Appx. at 405 (quoting *Hardy*, 228 F.3d at 748). However, the Sixth Circuit cautions that:

> rather than providing unfettered rein, the definition of background or *res gestae* evidence . . . imposes severe limitations in terms of the temporal proximity, causal relationship, or spatial connections that must exist between the other acts and the charged offense. Before a court decides whether other acts fall into the "background circumstances" exception to the general proscription against such evidence, it must first analyze the proffered evidence in light of these constraints.

*Hardy*, 228 F.3d at 749.

In addition, the Sixth Circuit has held that evidence which constitutes "a continuing pattern of illegal activity" is not considered an "other act" and, therefore, is not governed by Rule 404(b). *See United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir. 2000).[3] The *res gestae* exception is often applied in conspiracy cases. *United States v. Rice*, 90 Fed. App'x 921, 924 (6th Cir. Feb. 20, 2004) (unpublished). For example, in *Buchanan*, the defendant was charged with participation in a drug conspiracy stretching from 1990 to 1997. During trial the district court admitted evidenced that the defendant sold drugs to an informant in 1994 and that police had seized drugs from him in 1990. The Sixth Circuit held that Rule 404(b) did not apply because the evidence showed a continuing pattern of illegal activity associated with the charged drug conspiracy. *Id.* By contrast, in *Hardy*, the Sixth Circuit held that drug transactions carried out by the defendant and an alleged co-conspirator six years before the charged conspiracy began could not be admitted as background evidence, because this evidence lacked a close enough connection to the charged events. 228 F.3d at 749–51.

Here, the United States asserts that the evidence it seeks to present as background evidence occurred close in time with the underlying criminal conduct charged in Counts 1 and 2. Thus, it is able to establish a close "temporal connection" between the evidence and the charged offense. *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). Additionally, there appears to be a causal connection between the evidence and the charged offense. Evidence that shows the circumstances from which the charged conduct arose, such as a description of the

---

[3] The Second Circuit has long held that an act that is alleged to have been done in furtherance of an alleged conspiracy is not an 'other act' within the meaning of Rule 404(b); rather it is part of the very act charged. *United States v. Quinones*, 511 F.3d 289, 308 (2d Cir. 2007) (quoting *United States v. Concepcion*, 983 F.2d 369, 392 (2d Cir. 1992)).

personal relationships and events in which the allegedly illegal actions took root, is proper background evidence. *United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir. 2000); *United States v. Reyes*, 51 Fed. App'x 488, 494 (6th Cir. 2002). Likewise, it appears that the evidence the United States seeks to offer is relevant. "Relevant evidence" is evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Here, the challenged evidence as described by the United States is probative of the offenses charged, appears to form an integral part of the witnesses' testimony, and completes the story of the offenses charged. In short, the Court concludes that the evidence the United States seeks to introduce is proper background evidence that is inextricably intertwined and is necessary to explain the relationship of the parties. While this finding makes it unnecessary to evaluate the evidence under Rule 404(b), such an analysis also favors the United States.

### B. Rule 404(b)

Rule 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it tends to introduce at trial.

FED. R. EVID. 404(b). Before assessing admissibility under Rule 404(b), the Court must make a preliminary determination that there is sufficient evidence that the alleged evidence occurred.

*United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008).[4] If the government provides sufficient evidence of occurrence, the Court must then assess: (1) whether the evidence is offered for a proper purpose, (2) whether the evidence is admitted to prove a material issue; (3) whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) whether reasonable notice of the evidence was provided to the defendants. FED. R. EVID. 404(b) Committee Notes; *United States v. Davis*, 547 F.3d 520, 526 (6th Cir. 2008); *Bell*, 516 F.3d at 441.

In *United States v. Merriweather*, 78 F.3d 1070, 1076-77 (6th Cir. 1996), the Sixth Circuit outlined a five-step process for examining whether evidence will be admissible under Rule 404(b). First, "it must be determined as a matter of preliminary fact whether there is sufficient evidence that the prior act occurred." *Merriweather*, 78 F.3d at 1076 (citation omitted).[5] Next, upon objection by the defendant, the court should require the United States to "identify the *specific* purpose or purposes for which the government offers the evidence of 'other crimes, wrongs, or acts." *Id*. Then, the court must determine whether the stated purpose is "material;" that is whether the purpose is in "issue" in the case. *Id*. at 1077. Fourth, if the purpose is material, the court must determine whether "the probative value of the evidence is

---

[4] While the Court must make a preliminary determination under Rule 404(b) that there is sufficient evidence that the alleged evidence occurred, *See United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008), there is no such requirement in a "background evidence" analysis. However, the purpose of the Federal Rules of Evidence is to ascertain the truth. Fed. R. Evid 102. Therefore, this analysis is inherent in the Court's review of the evidence to be offered by the government, regardless of the purpose.

[5] The Defendant does not contest that the statements the government seeks to introduce were made.

substantially outweighed by the danger of unfair prejudice under Rule 403." *Id*. Finally, if the evidence meets all prior tests, the court should instruct the jury on the limited purpose for which it is being offered. *Id*. Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of other crimes, wrongs or acts "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).

The "proper purposes" allowed under 404(b) are proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. FED. R. EVID. 404(b). A "material purpose" under 404(b) means whether it is "in issue" in the case. *U.S. v. Mason*, 114 F.3d 1190 (6th Cir. 1997) (not published) (*citing United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir.1996)). The Sixth Circuit has established that where a defendant is charged with a specific intent offense, evidence of his prior bad acts may be admissible under Rule 404(b) for the purpose of proving such intent. *United States v. Myers*, 102 F.3d 227, 234 (6th Cir. 1996). Specifically, the court has held that:

> where there is thrust upon the government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b).

*United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994).[6]

---

[6] This Court is also mindful that the government may not offer other acts evidence simply to prove *mens rea*. *United States v. Ring*, 513 F2d 1001, 1007-1008 (6th Cir. 1975). Such evidence is not admissible to prove intent unless the defendant places intent in issue or intent is not inferable from proof of the criminal act itself. *Id*. In the present case, evidence of intent is appropriate because the Defendant contests the issue and it is not readily inferred from the alleged criminal act charged in Counts 1 and 2 of the Indictment.

To be admissible under Rule 404(b), a prior bad act must also be "substantially similar and reasonably near in time to the offenses for which the defendant is being tried." *United States v. Love*, 254 Fed. App'x 511, 515 (6th Cir., Nov. 14, 2007) (citing *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)). With regard to the "substantially similar" requirement, the Sixth Circuit has held that "when the prior bad acts evidence is being offered for the purpose of showing intent, it need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent." *Love*, 254 Fed. App'x at 515-516. *See also United States v. Johnson*, 27 F.3d 1186 (6th Cir. 1994) (where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with specific intent. In the present case, the crimes charged require that the United States prove specific intent. Additionally, while the acts the United States seeks introduce do not relate to convictions for similar offenses, they relate directly to the nature of the criminal activity alleged in the Indictment. The Court concludes that, on balance, they are sufficiently probative of intent.

Next, because a proper purpose has been established by the government, the Court must determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See* FED. R. EVID. 403. With respect to this issue, the Court notes that, even if the evidence is admissible as background evidence, it must overcome a Rule 403 determination. Fed. R. Evid. 403 states, in relevant part, that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Evidence is not excluded because it is damaging or prejudicial to a defendant's case; it must be "unfairly

prejudicial." *See United States v. Bonds*, 12 F.3d 540 (6th Cir. 1993). Under this inquiry, the Court must address whether the probative value of such evidence is "substantially outweighed" by the danger of "unfair prejudice." Fed. R. Evid. 403.

Having considered the parties' respective positions, the Court does not find that the evidence the United States seeks to introduce should be excluded under a Rule 403 analysis. Admittedly, at this stage of the proceedings, it is exceedingly difficult to evaluate the nature or volume of evidence that the United States will offer regarding the Defendant's intent to commit the offenses charged in the indictment. In the event other evidence of intent is substantial, the Court's analysis may change under the Sixth Circuit's recent decision in *United States v. Jenkins*, 593 F.3d 480, 486-486 (6th Cir. 2010) ("one factor in balancing unfair prejudice against probative value under Rule 403 is the availability of other means of proof," citing *United States v. Merriweather*, 78 F.3d at 1077). However, at this time, in analyzing whether the Court should exclude the evidence in connection with the Defendant's *in limine* motion, the Court cannot conclude that the prejudicial effect of admission outweighs the probative value of the expected testimony.

Likewise, the Court does not conclude that the evidence is being offered for an improper purpose. Instead, the Court agrees with the United States that evidence that the Defendant solicited money from other investors in the same manner as alleged in the Indictment and that he solicited money from one Aquaduck investor for a separate fraudulent investment during the same time period alleged in the Indictment is probative of a central issue in the case: the Defendant's intent to commit the crimes charged. As the United States suggests, it is sufficiently

similar in time and manner to the scheme alleged in the Indictment as evidence of an intent to defraud.

The Court also notes that the danger of unfair prejudice under Rule 403 can be lessened with a cautionary instruction to the jury. In the event the United States seeks to introduce the evidence which is the subject of the present motion under Rule 404(b) as opposed to introduction as background evidence, the Court will give a cautionary instruction as contemplated by that rule. *United States v. Newsom*, 452 F.3d 593, 605 (6th Cir. 2006). Alternatively, in the event the evidence is offered as background evidence, the Court will instruct the jury that it may only be considered for that purpose and not as substantive evidence of the crimes charged in the indictment.

Finally, the Court must determine whether the Defendants had reasonable notice of all Rule 404(b) evidence the government seeks to admit regardless of whether the evidence will be admitted in the case-in-chief, for impeachment, or on rebuttal. FED. R. EVID. 404(b) Committee Notes. The Court has discretion to determine reasonableness under the circumstances. *Id.* (explaining that "what constitutes a reasonable . . . disclosure will depend largely on the circumstances of each case"). If the Court finds that the government's notice is not reasonable, then the evidence is inadmissible. *United States v. Barnes*, 49 F.3d 1144, 1148 (6th Cir. 1998) (internal citation omitted). Here, the Defendant does not assert that insufficient notice was given of the United States' intent to offer the evidence. Therefore, further analysis of this factor is unnecessary.

**III.**

Based on the foregoing analysis, the Court concludes that the evidence sought to be admitted by the United States may be offered as background evidence which is inextricably intertwined with other relevant evidence. The Court concludes that the evidence in issue is directly probative of the offenses charged, appears to form an integral part of the witnesses' testimony, and completes the story of the offenses charged. Additionally, even if the evidence were not admissible as background evidence, it would be admissible under Rule 404(b) of the Federal Rules of Evidence. And having conducted a review of the evidence under Rule 403 of the Federal Rules of Evidence, the Court concludes that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

Accordingly, it is hereby

**ORDERED** that the Defendant's Motion to Preclude Evidence [Record No. 28] is **DENIED**.

This 20th day of July, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge